UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE: 6:25-cv-00526

JUAN CARLOS GIL, individual, and
ACCESS 4 ALL, INC., a
Florida not-for-profit Corporation,

    Plaintiffs,
v.

CONVENTION HOTEL PARTNERS, LTD.
a Florida Corporation, and
ROSEN MASTER PARTNERSHIP, LTD.
a Florida Corporation, and
ROSEN PLAZA, INC. d/b/a ROZEN PLAZA
HOTEL, a Florida Corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, JUAN CARLOS GIL and ACCESS 4 ALL, INC., on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, CONVENTION HOTEL PARTNERS, LTD. and ROSEN MASTER PARTNERSHIP, LTD. and ROSEN PLAZA, INC. (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

1

2.     The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4.     Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

5.     Plaintiff, ACCESS 4 ALL, INC., ("Access") is a non-profit Florida corporation, formed under the laws of the State of Florida. Access maintains its principal office at 8275 SW 152 Avenue, #316, Miami, Florida 33193. Members of this organization include individuals with disabilities as defined by the ADA – many of which require the use of a wheelchair to ambulate, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation and public entities are accessible to and usable by the disables and that its members are not discriminated against because of their disabilities. Plaintiff, JUAN CARLOS GIL, is an officer of Access.

6.     At all times material, Defendant, CONVENTION HOTEL PARTNERS, LTD., was and is a Florida corporation doing business in the State of Florida, owning and operating a hotel in the State of Florida, and deriving substantial revenue from the State.

7.     At all times material, Defendant, ROSEN MASTER PARTNERSHIP, LTD, was and is a Florida corporation doing business in the State of Florida, owning and operating a hotel in the State of Florida, and deriving substantial revenue from the State.

8.     At all times material, Defendant, ROSEN PLAZA, INC., was and is a Florida

corporation doing business in the State of Florida, owning and operating a hotel in the State of Florida, and deriving substantial revenue from the State.

9. At all times material, Defendants owned, leased, and/or operated the Commercial Property located at 9700 International Drive, Orlando, FL 32189 (hereinafter "Commercial Property")

10. Venue is properly located in the Middle District of Florida because the Commercial Property operated by Defendants is located in Orange County, Florida, Defendants regularly conduct business within Florida, Defendants are located in Orange County, Florida, and because a substantial part(s) of the events, acts, violations or omissions giving rise to these claims occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

11. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 10 above as fully set forth herein.

12. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their event and facilities accessible to individuals with disabilities.

13. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendants' event and commercial property and the businesses therein, including the restaurants, hotels and retail shopping stores.

14. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and